**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Guo Xin HUANG, Defendant—**
**Appellant.**

No. 03–30035.

D.C. No. CR–02–00049–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2004.

Decided Feb. 4, 2004.

Joseph E. Thaggard, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David Avery, Helena, MT, Jason Holden, Assistant Federal Defender, Great Falls, MT, for Defendant–Appellant.

Before GRABER, TALLMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Guo Xin Huang appeals his federal jury convictions and sentence for conspiracy to import marijuana, attempted smuggling of marijuana, and attempted importation of marijuana. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We reverse Huang's convictions on all counts and remand for a new trial or further proceedings consistent herewith.

We review de novo whether a jury instruction misstates the law or violates due process by creating an unconstitutional

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

presumption or inference. *United States v. Gonzalez–Torres,* 309 F.3d 594, 600 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1768, 155 L.Ed.2d 526 (2003). Jury instructions are reviewed as a whole to determine whether they are misleading or inadequate to guide the jury's deliberation. *United States v. Vallejo,* 237 F.3d 1008, 1024 (9th Cir.2001), *amended by* 246 F.3d 1150 (9th. Cir.2001). In instructing the jury on the elements of the three charges, the district court first defined the elements of Count I, the importation-conspiracy charge. Without stating that it was moving on to Count II, the court read the statute that was the subject of Count II:

Section 545 of Title 18 of the United States Code provides in pertinent part and I quote: "Whoever knowingly and willfully with intent to defraud the United States, attempts to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, shall be guilty of an offense against the United States. *Proof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section.*"

(Emphasis added.)

The district court did not at that point qualify or otherwise limit the above instruction. The court then instructed the jury about the elements of Count II, the attempted smuggling charge, followed by an inference instruction:

Now, with respect to this attempted smuggling charge contained in Count Two of the superseding indictment, if, after considering all of the evidence introduced at trial, you find beyond a reasonable doubt that Guo Xin Huang possessed marijuana which he attempted to smuggle into the United States, *you may infer from defendant Guo Xin Huang's possession of the marijuana*

*and the absence of a satisfactory explanation, that he knowingly possessed such marijuana.* You are not, however, required to make such an inference. It is entirely up to you to decide what facts to find from the evidence received during the trial.

(Emphasis added.)

■ Although these two instructions did not literally misstate the law, and they mirrored the text of 18 U.S.C. § 545, we conclude that these instructions, coupled with the absence of any other instruction defining "possession," were confusing and improperly suggested to the jury a particular factual outcome. *See United States v. Rubio–Villareal,* 967 F.2d 294, 300 (9th Cir.1992) (en banc). As the government has properly acknowledged, knowledge was the key issue at trial and a required element of all three counts. There was no doubt that marijuana was found in the truck and trailer driven by defendant. The dispute was whether defendant was aware of it. The law does not require independent evidence of the defendant's knowledge. Knowledge can be inferred from possession. But that is an inference that must actually be made by the jury for a proper conviction. The jury is not required by the fact of possession to draw that inference. The jury here, however, was instructed, particularly by the use of the quotation from § 545, in a way that could well have led it to believe that it was expected to infer knowledge from possession. The district court here read the instructions to the jury orally and did not provide a written copy to the jurors, either when they heard them read in court or for later review in the deliberation room. Under those circumstances, the risk that the jury may have been misled or confused is too great to disregard.

The potential impact of the confusion was not limited to Count II because (1) it would not necessarily have been clear to

the jury that what was said in the instructions about inferring knowledge from possession was limited to Count II, and (2) each of the counts required the jury to conclude that defendant knew that the trailer contained marijuana. The verdict as to the other counts could have been affected as well. Accordingly, we reverse and remand as to all counts.

■ We do not find merit in Huang's other challenges. Evidence presented at trial is sufficient to support a conviction if, viewing the evidence in the light most favorable to the government, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1218 (9th Cir.2001). From the evidence presented at trial, notably the facts that Huang was the sole driver and occupant of the truck that hauled the trailer containing marijuana, and that Huang and Oostenbrink drove trailers that were each registered to the other and each fitted with a similar hidden compartment containing marijuana, a reasonable jury could find Huang guilty on all counts.

■ We review a decision to admit co-conspirator statements for abuse of discretion, and the factual determinations that statements were made in furtherance of a conspiracy for clear error. *United States v. Bowman,* 215 F.3d 951, 960 (9th Cir. 2000). We will affirm a district court's decision, although its reasoning was wrong, provided the result was right. *United States v. Becerra,* 992 F.2d 960, 965 (9th Cir.1993). As to the hotel receipt signed by Oostenbrink, the district court's decision to admit the statement was not an abuse of discretion because (1) co-conspirator statements made before a defendant joins a conspiracy are admissible against him, *United States v. Segura–Gallegos,* 41 F.3d 1266, 1271 (9th Cir.1994), and (2) the statement was independently admissible under the business records exception. FED.R.EVID. 803(6). With respect to Gill's letters, although they may not be admissible under the co-conspirator statement exception, they are admissible under the scope of agency exception. FED.R.EVID. 801(d)(2)(D). Gill served as general manager of Galaxy, a co-defendant in Huang's case. The letters, which were written on Galaxy letterhead, sought the return of the trucks on behalf of Galaxy, a matter within the scope of Gill's employment. Finally, the district court did not abuse its discretion in admitting the summary of Oostenbrink's planner. The court was satisfied by a preponderance of the evidence that a conspiracy existed. It also ensured that the government would lay the proper foundation at trial. And, although there was no evidence to determine when the names and numbers were transcribed, because Oostenbrink's planner was seized two days after Huang's arrest, it was reasonable for the district court to conclude that these names and numbers were most likely transcribed either during or before the conspiracy.

We review evidentiary rulings for an abuse of discretion. *United States v. Parks,* 285 F.3d 1133, 1138 (9th Cir.2002), *cert. denied,* 537 U.S. 1061, 123 S.Ct. 643, 154 L.Ed.2d 545 (2002). As other evidence at trial suggested that a jury could find Finlay's testimony relevant and not prejudicial in establishing a link between Huang and the conspiracy ring, the district court's decision to admit Finlay's testimony was not an abuse of discretion.

Because we remand and reverse for a new trial or further proceedings consistent with our decision, we do not reach the issue of sentencing.

**REVERSED and REMANDED.**